IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                                                                         NO. 3:22-CV-62-DMB-RP

SHERRY ROSS                                                                           DEFENDANT

**ORDER**

On April 21, 2022, the United States of America filed a complaint against Sherry Ross in the United States District Court for the Northern District of Mississippi alleging "violations of the [False Claims Act ('FCA')] and supplemental claims for unjust enrichment" based upon Ross' receipt of Paycheck Protection Program ("PPP") funds. Doc. #1 at PageID 1. Specifically, the complaint alleges that Ross, through false representations, received PPP loan proceeds and, also through false representations, obtained forgiveness of the loan by the Small Business Administration, and "the United States was damaged for the full amount of the loan and the origination fee paid to the lender in the amount of $20,897.77." *Id.* at PageID 5.

On August 8, 2022, the parties filed a "Joint Motion for Entry of Consent Judgment" representing that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the attached [proposed consent judgment]." Doc. #8; *see* Doc. #8-1. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Ross who appears pro se. Doc. #8; Doc. #8-1 at PageID 19.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Ross to pay $20,897.77 plus interest and a $400.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [8] is **GRANTED**. The parties' proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 9th day of August, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**